MUTH, Respondent, vs. FROST, Appellant.

68   425
75   168

*March 2 — March 22, 1887.*

*Court and jury: Contributory negligence.*

1. In an action for the contract price for putting on a tin roof (which was blown off shortly after it was put on), it is *held* that the evidence conclusively shows that the roof was not properly put on and fastened, and that it was error to submit that question to the jury.
2. One who has placed his machinery in a building, with knowledge of the leaky condition of the roof, is guilty of contributory negligence which will prevent a recovery for the damage to such machinery caused by the leakage.

APPEAL from the Circuit Court for *Sheboygan* County. In 1882 the parties entered into a contract, in and by which the plaintiff agreed to place upon a certain large building which the defendant was erecting in the city of Sheboygan for manufacturing purposes, a tin roof with standing seams, at a stipulated price per square; the defendant to furnish the materials therefor. The roof was to be as good as could be made in that city, or, as the court construed the contract, "the plaintiff was to place upon the defendant's factory a good, suitable, and fit roof for the purposes for which it was to be constructed and the place where it was to be used."

The defendant furnished the materials and the plaintiff put on the roof, completing the work about the middle of November. On December 4th of the same year a large section of the roof was carried away by the wind and three days later another large section was blown off. These were high winds, but not unusually so for the season. The plaintiff repaired the roof, completing his work thereon in April; but the roof leaked badly thereafter, until the defendant replaced it with a new one in the following autumn or winter.

This action is to recover the contract price for putting on

the roof, and for the labor and materials furnished by the plaintiff in making such repairs; also for constructing gutters, concerning which there seems to be little or no controversy. The defendant answered, alleging the failure of the plaintiff to perform his said contract, and also pleaded counterclaims for damages for the loss of the materials furnished by him in the first instance, and for injuries to his machinery caused by the leaky condition of the roof.

The testimony and rulings of the court on the trial are sufficiently stated in the opinion. The jury found for the plaintiff, and assessed his damages at the full amount of his claim. A motion by defendant for a new trial was denied, and judgment was thereupon entered for the plaintiff pursuant to the verdict, from which the defendant appeals.

For the appellant there was a brief by *Seaman & Williams*, and oral argument by *Mr. Seaman.*

*Felix Benfey*, attorney, and *A. C. Prescott*, of counsel, for the respondent.

LYON, J. 1. The testimony is conclusive that the safe and proper mode of fastening down and securing the tin covering of a roof like that in question is to place cleats upon it, as near as possible to the standing seams, and nail the same to the roof-boards. These cleats should be two inches wide, should be placed at intervals of not more than twelve to fourteen inches, and each should be nailed with two nails. There is no appliance other than the cleats to hold the tin roofing in place. The testimony is also conclusive that the tin put by plaintiff upon the defendant's roof was not secured in that manner; but that in some places the cleats were placed some twenty-eight inches apart, and even a greater distance, and that many of them were fastened with but one nail. That these defects in construction were elements of weakness and rendered the tin roofing more liable to be carried away in a high wind than

it would have been were it properly put on, is unquestionable. It is quite immaterial that very many of the cleats, perhaps a majority of them, were placed the proper distance from each other and properly nailed to the roof-boards. As the weakest link in a chain is the true measure of the strength of the chain, so the defective portions of this roof give the true measure of the sufficiency of the whole roof. It does not require an expert to know that, if the tin is so defectively fastened to the roof boards in any place that the wind can get a purchase under it and raise it, the whole roofing is thereby endangered, and may be swept away, although other portions of it are properly constructed.

Some attempt was made to show that openings were left in the building through which the wind entered and lifted the tin. But it is undisputed that the roof-boards were seven-eighths of an inch thick, planed on both sides, and matched closely together. It does not appear that there were any holes left in it. Of course, there was no chance for the wind to get any considerable purchase under the tin roofing through the roof-boards, and it is manifest that had the tin been properly laid it would have suffered no injury. Moreover, there is a strong preponderance of evidence tending to show that no openings were left in the building.

By assessing the plaintiff's damages at the full amount of his claim, the jury must have found that the tin roofing was properly laid in the first instance. Under the evidence contained in this record, the question whether the roofing was properly laid should not have been submitted to the jury. The verdict in that behalf is not sustained by the proofs, and for that reason a new trial should have been ordered.

2. After the roofing was blown off, the defendant's agent took some part in the attempt to repair the roof. It is claimed that the leaky condition of the roof after such repairs were made, resulted from the acts of such agent, and that the plaintiff is not chargeable therewith. If the roof

would have been sufficient after it was repaired by the plaintiff but for the acts of such agent, the plaintiff is entitled to recover the original contract price therefor, but not for the repairs. This is so because he failed to perform his contract in the first instance and because of such default the repairs were made necessary to a full performance of his contract. If another trial should develop the fact that the roofing was properly laid by the plaintiff in the first instance, then he should recover the contract price therefor, and, in addition thereto, the value of his labor and materials in making the repairs, subject to deduction for any failure to make such repairs in a proper and workmanlike manner.

3. If the roof was worthless because of the default of plaintiff in the performance of his contract, and the materials furnished by defendant therefor became thereby of no value or less value, the defendant should be allowed the amount of his loss in that behalf. But we do not perceive how defendant can properly be allowed for damage to machinery caused by the leaky condition of the roof. The leakage developed from the first, and it was his own folly if he placed machinery where it would be injured thereby.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.