C. Aultman & Co., Appellant, vs. Case, Respondent.

*March 24 — April 12, 1887.*

*Appeal to S. C.: Exceptions: Instructions to jury: Sale of chattels: Damages.*

1. An exception to the whole of an instruction is not available on appeal, if it was in part correct.
2. In an action for the price of a reaping machine, wherein the defendant has set up its defects as a counterclaim, an instruction to the effect that the purchaser of such a machine with a warranty might recover special damages arising directly out of peculiar and exceptional circumstances affecting the agreement, such as for loss of or damage to crops and loss of time in attempting to use the machine, by reason of its not being put in condition as agreed or not being as warranted, followed by cautions as to allowing such damages, and leaving the question of their allowance to the jury, *held* not to be misleading.

APPEAL from the Circuit Court for *Sauk* County.

The case is thus stated by Mr. Justice Cassoday:

In the summer of 1882 the defendant agreed to buy of the plaintiff a self-binding reaping machine, on condition that the plaintiff would take in part payment therefor a certain old machine at $50, and upon the further condition that the defendant need not keep such machine unless it worked to his satisfaction, and that if it did not so work

then the plaintiff was to take it back and pay the defendant for such old machine in other machinery. The machine so purchased by the defendant was used by him in the harvest of 1882, but did not work to his satisfaction, and so he declined to buy it. October 19, 1882, the parties made a new contract, whereby the defendant agreed, in consideration of said old machine and $100 cash delivered and paid to the plaintiff, and the defendant's note of $100 payable in one year without interest, to purchase said machine upon the written guaranties of the plaintiff to the effect that " we hereby guarantee to put the twine-binder bought by *Mr. Case* in good order before the working season of 1883, free of cost to him. . . . The above guaranty is intended to cover the guaranty that the machine will continue to do good work for a reasonable length of time without cost or trouble of repairing."

The defendant having failed to pay the note when due, this action was brought thereon to recover the amount thereof. The defendant answered by way of counterclaim, and alleged the breach of said agreement and warranty, and damage in consequence thereof in the sum of $400, and demanded judgment in the sum of $200, to which the plaintiff replied. On the trial the jury returned a verdict in favor of the defendant, and against the plaintiff, for $200 damages. From the judgment entered upon said verdict the plaintiff appeals.

For the appellant the cause was submitted on the brief of *J. P. Wilson*, attorney, and *E. W. Young*, of counsel. They contended, *inter alia*, that the defendant, having bought with knowledge of the defects, could not recover therefor. *Locke v. Williamson*, 40 Wis. 377; *Getty v. Rountree*, 2 Pin. 386. The damages could include only those which naturally arise from the breach, or may reasonably be supposed to have been in contemplation of the parties when the contract was made. *S. M. H. Co. v. Sturm*, 13

Neb. 210; *Brayton v. Chase*, 3 Wis. 456; *Vedder v. Hildreth*, 2 id. 427.

For the respondent there was a brief by *John Barker*, and oral argument by *J. E. Wright*.

CASSODAY, J. The evidence was sufficient to support the verdict. There was no error in allowing a witness on the part of the defendant to testify that he saw the defendant using the binder in question in the first harvesting of 1882. The defendant had tried the machine, and knew its condition when he purchased it in October, 1882. Had he taken the machine as it then was, without exacting any agreement or warranty, he would have been without remedy. But he consented to make the purchase only upon the plaintiff agreeing to put the machine in good working order before the working season of 1883, free of cost to the defendant, and guarantying or warranting that it would then continue to do good work for a reasonable length of time without cost or trouble of repairing. This took the case out of the rule of warranty against patent defects urged by counsel. The court properly allowed the defendant to prove the breach of each of such agreements on the part of the plaintiff, and the consequent damages. The charge fully and fairly covered the whole case. No request was made for any additional instruction.

The principal errors assigned relate to the rule of damages given in the charge to the jury, and the admission of evidence in proof of them. After stating the general rule of damage in such cases to be the difference between the value of the machine as it would have been as warranted and its value as it was, the jury were told: "I will say, further, by way of illustration, that if you should find a breach, and find the machine as warranted would have been worth what it sold for, $250, and that the machine was of no value, you would give the $150 he has paid, and it would

defeat the note. That would make up the $250, and the balance above the note would be $150, what he had paid. If you find he would have made any *profit*, you would add to $150 whatever *profit* you may find he would have made if it had been as warranted." To this, as a whole, the plaintiff duly excepted. It may be that the word "profit" was thus inaptly used, instead of loss or damage; but the exception goes to the whole quotation, a portion of which is certainly unexceptionable, and is therefore too general to be available.

. Exception is taken because the court charged the jury: "Where a machine of this kind is sold with a warranty, damages in consequence of loss of grain or damage to grain by its not being put in condition that it is agreed to be put in, or not as warranted, are ordinarily regarded as too remote to be the foundation of a proper claim for damages; but if there be peculiar or exceptional circumstances affecting the agreement, then further damages may be given, if any directly arise out of those peculiar or exceptional circumstances." This was excepted to. Then, after repeatedly cautioning the jury against the allowance of special damages unless they were sustained by the evidence on the part of the defendant within the rule stated, and after stating the ordinary presumption to the effect that, upon a machine being found defective, the purchaser should immediately "supply himself with other means of securing his crops," and his duty to do so, he added: "The claim for special damages, as I will call them, is for damages to crops, and loss of time caused by delay in attempting to use the machine and give it a further trial as requested by the plaintiff or its agent. Whether the defendant ought to have any damages on that account will be for you to determine in view of the evidence and instructions which the court has given you, in case you find a breach." These are the only portions of the charge excepted to. We do not

think they were misleading. Whether the defendant had sustained any such loss or damage by reason of any breach of such agreement and warranty was a question of fact for the jury, and properly submitted to them. The verdict was $200. This, as appears from the record and explained by the trial judge, only included $50 for such loss or damage. The evidence is sufficient to sustain such finding.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.