Muth, Appellant, vs. Frost, Respondent.

*October 23 — November 5, 1889.*

*Evidence: Court and jury.*

In an action to recover the contract price for putting on a tin roof, it is *held* that the evidence shows conclusively that the work was improperly done, in consequence of which the roof was blown off shortly after being put on, and that the defendant was entitled to recover, on a counterclaim, the value of the materials furnished by him for the roof and rendered worthless.

APPEAL from the Circuit Court for *Sheboygan* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges two causes of action: *First*, for putting sixty-nine yards of standing seam tin roofing on the defendant's factory building in October and November, 1882, at the agreed price of $1.50 per square yard, making $103.50; *second*, for services and materials furnished by the plaintiff between October, 1882, and May, 1883, in putting eaves-troughs and conductors on said factory building, and in repairing the roof thereof, amounting to $205.37, as per bill of particulars, in which it appeared that the charge for such conductors and eaves-troughs was $44.86, and the balance thereof for repairs to the roof. The answer contains a general denial of both causes of action, and a counterclaim for the value of the materials used by the plaintiff, and furnished by the defendant, in laying said roof, and which became valueless by reason of the unskilful, careless, and unworkman-like manner in which the roof was laid, and claiming, as damages therefor, $366.80. The plaintiff replied, denying the counterclaim.

At the close of the trial, the court directed a verdict in favor of the defendant for $270.14. From the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Felix Benfey*, attorney, and *A. C. Prescott*, of counsel, and oral argument by *Mr. Prescott.*

For the respondent there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman.*

CASSODAY, J. It is conceded that the roof was to be put on in a good workman-like manner; that the plaintiff was to " do as good a job as anybody; " that to do such job it became necessary to put one cleat on each block of tin, which was 14x20 inches, and nail it to the roof with two

nails; that the plaintiff undertook to put on such a roof; that within about three weeks after its completion it was blown off in sections by the wind. Upon the former appeal it was held, in effect, that there was no sufficient evidence to sustain a verdict in favor of the plaintiff. 68 Wis. 425. It was there, in effect, said by Mr. Justice LYON that it appeared conclusively from the evidence that the roof in question "was not secured in that manner, but that in some places the cleats were placed some twenty-eight inches apart, and even a greater distance, and that many of them were fastened with but *one* nail;" that it was "quite immaterial that very many of the cleats, perhaps a majority of them, were placed the proper distance from each other and properly nailed to the roof-boards;" that, "as the weakest link in a chain is the true measure of the strength of the chain, so the defective portions of this roof give the true measure of the sufficiency of the whole roof."

It is conceded that the undisputed evidence upon the last trial is to the same effect, unless the testimony of Willie Sandrock, with the other evidence in the case, tends to show that every one of such tin sheets was fastened with a cleat and two nails, as indicated. There is no question but what Sandrock worked for the plaintiff upon the roof. At the time of doing so, he was only a little over fifteen years of age, and was just learning his trade. He swears that he put one cleat on every sheet he put on, and two nails in every cleat. Two other persons worked for the plaintiff in putting on the sheets. One of them was sworn. He worked only a part of each day during the time. He testified, in effect, that, so far as his knowledge went, there were no cleats put on with less than two nails in, and that one cleat was put on each sheet. The other person who worked for the plaintiff putting on the roof was named Koch. He was there every day during the whole time the roof was being put on, but was not sworn in the case.

There was no evidence as to how he did his work, except in the general way mentioned. Since each cleat, with the nail or nails therein, was concealed from view immediately after it was put on, it is manifest that neither of the witnesses so testifying as to the manner of fastening the sheets could be in a position to have knowledge as to whether Koch put a cleat on each sheet and two nails in each cleat, or not, unless such witness was with Koch all the time during the job, and kept constant watch of his work. It is improbable that either of them did so, and seemingly impossible from the work they respectively testify as having themselves performed. The result is that there is no testimony tending to prove that Koch did all of his part of the work in accordance with the contract. This being so, the undisputed evidence as to the inefficient manner of putting on portions of the roof remains as upon the former appeal. It follows that the reasons there given against submitting to the jury the question of the efficiency of the work are equally pertinent upon this appeal in support of the direction of the verdict in favor of the defendant. For any further discussion of that question, therefore, we would refer to the opinion in that case.

It appears from the undisputed evidence that the value of the materials furnished by the defendant and used by the plaintiff in putting on the roof, and which were thereby rendered valueless for any purpose, was $315. This the defendant was entitled to on his counterclaim. From that amount the court deducted the value of the conductors and eaves-troughs furnished by the plaintiff, and for which he claimed $44.86, leaving a balance of $270.14; for which amount the verdict was directed in favor of the defendant.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.