McGregor vs. Auld.

McGREGOR, Appellant, vs. AULD, Respondent.

*November 15 — December 6, 1892.*

*Counterclaim: Contracts.*

In an action on contract for the amount due for threshing defendant's grain, a cause of action for the burning of defendant's straw stacks, sheds, etc., through plaintiff's negligent handling of his steam thresher while leaving defendant's farm after finishing the threshing, is a proper counterclaim, since it "arises out of the contract set forth in the complaint as the foundation of the plaintiff's claim" (sec. 2656, R. S.). Careful management of the thresher while going upon and leaving the farm was one of the obligations of such contract.

McGregor vs. Auld.

APPEAL from the Circuit Court for *Walworth* County. The facts are stated in the opinion.

For the appellant there was a brief by *Doe & Suther-land*, and oral argument by *J. B. Doe.* They contended, *inter alia*, that the counterclaim, which is for damages for negligence, did not arise out of the transaction set forth in the complaint, for that was the threshing of the grain, which was finished before the ground of counterclaim arose; nor is such counterclaim connected with the subject of the action, for that is plaintiff's right to the money sue.l for, and the counterclaim in no wise denies that right. *Pattison v. Richards*, 22 Barb. 143; *Scheunert v. Kaehler*, 23 Wis. 523; *Heckman v. Swartz*, 55 id. 173; *Mulberger v. Koenig*, 62 id. 558; *Nolle v. Thompson*, 3 Met. (Ky.), 121. If the cause of action set out in the counterclaim does not arise out of facts set forth in the complaint the counterclaim is bad. *Scheunert v. Kaehler*, 23 Wis. 523; *Whedbee v. Reddick*, 79 N. C. 521; *James v. Center*, 53 Cal. 31. The counterclaim must be directly connected with the subject of the plaintiff's action. *Akerly v. Vilas*, 21 Wis. 88–109; *Noonan v. Orton*, 30 id. 356; Pomeroy, Rem. sec. 776.

For the respondent there was a brief by *Winans & Hyzer*, and oral argument by *John Winans.* The cause of action set forth in the counterclaim arises: (1) Out of the contract or transaction set forth in the complaint. (2) It is connected with the subject of the action. (3) It is a cause of action arising on contract, and existed at the commencement of the action by plaintiff, and is in no sense pleaded as a tort. (4) If it is a tort, still it is connected with the subject of the plaintiff's action, and arose therefrom, and is made the subject matter of counterclaim by the express language of our statute. *McArthur v. G. B. & M. Canal Co.* 34 Wis. 139; *Thomson v. Sanders*, 118 N. Y. 252; *Glen & H. Mfg. Co. v. Hall*, 61 id. 226–235; *Carpenter v. Manhattan L. Ins. Co.* 93 id. 552; *Schweick-*

*hart v. Stuewe*, 71 Wis. 1; *Butler v. Titus*, 13 id. 429; *Orton v. Noonan*, 30 id. 611; *Garvin v. Gates*, 73 id. 513; *Cass v. Higenbotam*, 100 N. Y. 248.

ORTON J. The plaintiff's cause of action is for threshing for the defendant his grain, consisting of many bushels of rye, barley, wheat, and timothy, September 3, 1888, amounting to $174.10. The defendant answered by a counterclaim, stating substantially the following facts:

The defendant is a farmer, and owned and occupied a farm in the town of La Prairie, in Rock county. On and prior to the 27th day of August, 1888, the plaintiff was engaged in the business of threshing grain in said county, with a steam engine and thresher owned by him. The plaintiff then and theretofore held out to the public, as well as the defendant, that he was skilled in the use of the engine and machine; that he employed none but skilled men to assist him; that said engine and machine were of the best and latest pattern; that their use was safe, and free from danger of fire therefrom; that his engine had all the modern improvements to arrest sparks and prevent the dropping or scattering of fire, and that they were in good condition; and that there was no danger of loss or damage by fire from its use under his care and management. The defendant, believing said representations, and having no knowledge to the contrary, hired said plaintiff and his assistants, with said engine and thresher, to thresh his grain, then in stack upon his said farm. In pursuance of said hiring and agreement, and under said representations, the plaintiff, on said 27th day of August, 1888, entered upon said premises with his said engine and threshing machine and men, and began and continued threshing for the defendant (except Sunday) until the 3d day of September, 1888. Having finished threshing for the defendant on that day, about 9 o'clock A. M., the plaintiff fired up his said engine, unnecessarily using

McGregor vs. Auld.

a large quantity of wood as fuel, preparatory to leaving said premises and going elsewhere; that the wind was blowing at the time from the south and southwest, and from the engine to the straw stacks of the defendant. In moving said engine and machine from off said premises the plaintiff carelessly and wrongfully neglected to shut down the spark arrester upon and over the smokestack of said engine, and negligently used wood instead of coal for fuel in said engine, and negligently and unnecessarily drove and directed said engine and machine close to and upon the south side of said straw stacks, and negligently stopped said engine and machine at said stacks, and again started the same, thereby causing an additional strain upon said engine, and to emit and throw out from the smokestack, fire box, and ash pan of the same an additional amount of fire. The said engine had not all the modern appliances to prevent fire escaping therefrom, and was defective and out of repair, and was negligently handled, whereby, and by reason of the aforesaid negligence and unskilful and wrongful acts of the plaintiff and his employees, and by reason of said engine being so defective and out of repair, fire was communicated by said engine to the straw stacks of the defendant, then and there being, and said stacks were burned, and from said stacks fire was communicated to the barns, stables, and sheds and other buildings of the defendant situated on said farm, and totally destroyed the same, and with them a large amount of personal property of various kinds of a very large aggregate value, without fault or negligence of the defendant, to the damage of the defendant of $200.

The action was brought before a justice of the peace, and the plaintiff demurred to the counterclaim, and the demurrer was overruled, and the plaintiff recovered a judgment of $209.47 and costs, the defendant not having offered any testimony to sustain his counterclaim; and the defendant appealed to the circuit court of Rock county from said

judgment, and the venue was changed to the circuit court of Walworth county. The defendant amended his said counterclaim, and demanded $4,000 damages. The demurrer of the plaintiff to the counterclaim was overruled by said circuit court, and the plaintiff has appealed to this court from said order.

The sole contention of the appellant on the demurrer is that the matters set up in the answer do not constitute a counterclaim under the statute, or that they do not constitute "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." Sec. 2656, R. S. It has been a question whether this statute of counterclaim has enlarged the civil or common law doctrine of recoupment. In the civil law "the defendant was permitted to exhibit his claim against the plaintiff for allowance, provided it arose out of or was incidental to the plaintiff's cause of action;" and at common law "the defendant's claim for damages against the plaintiff was for the violation of some obligation imposed by the contract, or some duty imposed by the law in the making or performance of it." This doctrine of recoupment, as well as the counterclaim under the statute, obtains only when the plaintiff's cause of action is in contract, as in this case. When the plaintiff's cause of action is in tort, whether the other clauses of the section — "or transaction," "or connected with the subject of the action," — are especially applicable we need not inquire. This counterclaim can be sustained only because it "arose out of the contract set forth in the complaint as the foundation of the plaintiff's claim." In this respect, recoupment and the counterclaim of the statute are the same. By this test, then, this counterclaim must be sustained, if at all: Did the defendant's cause of action arise out of the contract between the plaintiff and the defendant for the threshing of the defendant's

McGregor vs. Auld.

grain by the use of his steam engine and threshing machine?

It was a part of that contract, according to the answer, that the plaintiff should use a steam-engine thresher in every respect the best, and with the latest improvements, and should not allow sparks or fire to escape to endanger the defendant's property, and that it should be skilfully and carefully used and handled by the plaintiff and his men.    It is clearly within the contract that the defendant's property should not be destroyed or injured by fire escaping from the engine by reason of its imperfect character or want of repair, or of the negligence of the plaintiff or his men in handling or using it on the defendant's farm.    This is the *gist* of the contract in relation to the engine the plaintiff was to use.    It was at best a dangerous machine, and the defendant saw fit to place the plaintiff under the severest terms and stipulations for his careful use of it, as well as of the perfect character of the engine itself.    As soon as the plaintiff had finished the threshing, he fired up the engine with wood, and drove it near the straw stacks, and stopped it there, and then started again with a fresh blast of sparks from its unprotected smokestack, with the wind in the direction of the stacks.    The plaintiff had not left the ground with his engine among the straw stacks where he had done the threshing, before he caused the burning of the defendant's property by it.    The facts of the representations of the character of the engine, and of the specific stipulations of the plaintiff as to his own care and that of his men in using it, are set forth in the answer with great particularity and skill; but, as said by the learned counsel for the respondent in their brief, "there was an *implied* agreement that the plaintiff had a fit and proper machine, and that he and his men were skilled in its use; that there was no danger of fire therefrom; and that he would execute his undertaking with due care, and without loss or injury to the defendant."

It is contended by the learned counsel of the appellant that the duties and obligations of the contract did not extend beyond the mere threshing of the grain, or to the use of the engine after it had started to leave the ground. The greatest danger in the use of the engine, as we have seen, was after it had started to leave the ground. This would be a most unreasonable limitation of the contract, either express or implied. It would cover the smallest part only of the ground of danger in the character or use of the engine in bringing it upon that farm, so covered with valuable and inflammable property. Going upon the farm with the engine, and going away from the farm, while it is still on it, are clearly within the contract of its character and use. The contract provides against the dangerous character and use of the engine while on the farm, and even that would be implied, without express contract, from the mere use of the machine in doing the threshing. We are clearly of the opinion that the cause of action set up in the counterclaim arose from the contract set forth in the complaint as the foundation of the plaintiff's claim. That contract was to thresh the defendant's grain with the use of this dangerous machine, and do no damage by it while it was where damage could be done by it to the defendant's property. The taking of this machine upon the farm and taking it away are necessary to the performance of the contract, and a part of it. "Where one hires himself out to do a particular work, representing himself as having skill therein, if he fails to use such skill, the employer may recoup the damages resulting to him from such failure, to the full amount claimed by the employee in an action to recover for his labor." *De Witt v. Cullings*, 32 Wis. 298. This counterclaim is sufficiently tested and approved by this case; — recoupment and counterclaim being alike when the matter recouped arose out of the contract set forth in the complaint as the foundation of the action. In *C. Aultman &*

*Co. v. Case,* 68 Wis. 612, the defendant counterclaimed for loss of time and grain, etc., in an action on the note given for a reaper, represented to be suitable for the purpose, and which was not.    In *Muth v. Frost,* 75 Wis. 166, the defendant counterclaimed the value of the materials furnished and rendered worthless in an action for the contract price for doing the work in a careless and improper manner. These cases are sufficient on the general question as to whether the matter set up in the answer constitutes a counterclaim.    See many other cases cited in respondent's brief.

But the *litigated* question on this appeal is whether the matters set up in the answer arose out of the contract on which the action is brought.    The authorities cited by the learned counsel in analogy to this case are not very much aid in determining this question.    Each case must rest upon its own peculiar facts.    The matters of this counterclaim are so clearly within the contract, and arose out of it, that authorities are not needed.    A kindred question, however, in relation to employees of railway companies, as to whether an employee is within the terms of his contract of employment while coming to or going away from his work at a particular place, has been decided by this court.    In *Ewald v. C. & N. W. R. Co.* 70 Wis. 420, it was held that one employed to wipe and take care of engines in the roundhouse, who was injured while on his way to and distant from the roundhouse to go to his work, was within his contract of employment as much as when he was actually at work in the roundhouse, and that he could not recover because injured by the negligence of a co-employee at the time.    It was held, also, that the company owed him a duty, as an employee, to keep open and safe his passageway to his work over its tracks.    The reason given would seem to apply to this case.    His going and coming were incidental to and a means and facility of his labor, and necessary ingredients of the contract of employment.

The following cases are cited in the opinion as in point: *Gilman v. E. R. Corp.* 10 Allen, 233; *Gillshannon v. S. B. R. Corp.* 10 Cush. 228; *Seaver v. B. & M. R. Co.* 14 Gray, 466; *Ryan v. C. V. R. Co.* 23 Pa. St. 384; *Higgins v. H. & St. J. R. Co.* 36 Mo. 418; and many other cases.  The principle of these cases is the same as in this.  The going and coming to do certain work in a particular place are within the contract to do such work.  The demurrer to the counterclaim was properly overruled.

*By the Court.*— The order of the circuit court is affirmed.