McKnight vs. The President and Trustees of the Town of Mineral Point.

Pinney.
1p  99
85  355

1. Corporate existence when to be proved.— In a suit by a corporation upon a note executed to itself by its corporate name, it is incumbent on such corporation, under a plea of the general issue, to establish its legal existence as a corporation competent to sue.

2. Admission of.— But if the defendant in such suit, in a notice of set-off, state a claim against such corporation in its corporate character, for services rendered said corporation as one of its officers, it is an admission of the existence of such corporation and its competency to sue, and the plaintiff is relieved from making proof thereof.

ERROR to the District Court for *Iowa* County.
The case is stated in the opinion of the court.
*Moses M. Strong*, for plaintiff in error.
*F. J. Dunn*, for defendant in error.

Miller, J. · This suit was brought in the district court of Iowa county, on a note signed and delivered by *Thomas McKnight*, the plaintiff in error, to *"The President and Trustees of the town of Mineral Point."* The defendant in the court below pleaded the general issue, and filed notice of set-off against the plaintiff for services rendered for said corporation as its president and one of its trustees. The question was raised in the court below whether on an instrument of this kind, in which the defendant promised to pay the said corporation (using its corporate name) a sum of money, the plaintiff was bound under the pleadings in the cause to exhibit proof of its legal existence as a corporation. The court charged the jury that it was not so required; and the defendant in the court below sued out this writ of error on the judgment entered against him.

A corporation is a creature of the law, and can only claim the writs and protection of the court by virtue of the powers and privileges granted in its charter. Under

the general issue, the plaintiff would have been required to produce testimony to make out its legal existence as a corporation competent to sue, before this note in question could have been read in evidence. Angell and Ames on Corp. 377; 1 Kyd on Corp. 292; 8 Johns. 378; 14 id. 245, 411; 2 Cowen, 778; 8 Wend. 454. But in this case enough was put on the record by the defendant himself to satisfy the court and jury of this fact. The defendant filed of record in the suit, an account against the plaintiff for services rendered for said corporation as one of its officers. The defendant in law declared upon the record that he sued the said corporation in its corporate name for services rendered by him as one of the officers of the very corporation. By this he is estopped from denying the existence of the corporation, or putting its existence in issue. The case of *Henriques v. The Dutch West India Company*, 2 Ld. Raym. 1535, presents a case something similar. In that case the company obtained a judgment against Henriques, and a *scire facias* was issued against his bail in the suit upon their recognizance. The counsel pleaded that the defendants were estopped by their recognizance to say there was no such company after a judgment against their principal, and the judgment was affirmed. Taking the charge of the court delivered on the evidence received under the pleadings, we see no error.\*

Thereupon it is ordered, decreed and adjudged, that the judgment of the district court of Iowa county be and the same is hereby affirmed, with costs and damages, at the rate of seven per centum per annum, and direct that the same be certified to the said court to be carried into execution.

---

\* Under the statute (R. S. 1858, ch. 148, § 3), in a suit by a domestic corporation it is not necessary to prove its existence as such, unless the defendant plead in abatement that the plaintiff is not a corporation, and verify the truth of such plea by his oath. *Goodrich v. School District*, 2 Wis. 102. And the complaint in a suit brought in a corporate name need not aver the plaintiff to be a corporation. *Central Bank v. Knowlton*, 12 Wis. 624. — REP.