## BELL v. COMMERCIAL INV. TRUST CO., Inc.

No. 16777—Opinion Filed June 1, 1926.

**Corporations—Legality of Incorporation Admitted by Suit or Counterclaim Against Corporation.**

A person who sues a corporation as such thereby admits the legality of its incorporation and is estopped from denying it in that suit. The same is true when a person files a cross-petition or counterclaim against a corporation.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Tulsa County; W. L. Coffey, Judge.

Action by the Commercial Investment Trust Company, Inc., against Eva H. Bell. Judgment for plaintiff and defendant appeals. Affirmed.

Wyley E. Crabtree and Frank N. Hickman, for plaintiff in error.

A. C. Saunders, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. The Commercial Investment Trust Company, Inc., alleged to be a corporation, had judgment against defendant, Eva H. Bell, on verdict of jury, for $474.27 and interest, as balance on a promissory conditional sales contract, executed by defendant, Bell, to Mott Motor Company for balance of purchase price of an automobile, and by that company, for value, assigned and delivered to plaintiff. Defendant filed verified denial of the corporate existence of plaintiff, admitted the execution of the contract sued upon, and pleaded payment of the balance of the claim. Defendant also, by way of cross-petition against the plaintiff, pleaded two specific items of damage and prayed that plaintiff take nothing, and that she, defendant, have judgment against plaintiff for $1,000.

The only error assigned for review by defendant in this appeal is whether she is estopped to deny the corporate existence of plaintiff, it being conceded that defendant duly denied such corporate existence by her verified answer, and thereby cast this burden of proof upon the plaintiff.

"An estoppel to deny corporate existence may arise from a judgment or other matter of record. An estoppel to deny the corporate existence may also arise from an express or implied admission of the fact in an action or proceeding brought by or against an alleged corporation. One who sues an alleged corporation as such thereby necessarily admits that it is a corporation and is estopped to deny its corporate existence, * * * and for the same reason, a defendant is estopped to deny plaintiff's corporate existence by counterclaiming and asking judgment against it as a corporation." 14 C. J. 248; Ward v. Minnesota, etc., R. R. Co. (Ill.) 10 N. E. 365; Rialto Co. v. Minor (Mo.) 166 S. W. 629; Black River Imp. Co. v. Holway (Wis.) 55 N. W. 418; McKnight v. Mineral Point (Wis.) 1 Pinney, 99.

In Swafford Bros. Dry Goods Co. v. Owens et al., 37 Okla. 616, 133 Pac. 193, 198, this court quoted with approval the following from Clark and Marshall on Private Corporations, 275:

"A person who sues a corporation as such thereby admits the legality of its incorporation, and is estopped from denying it in that suit. And the same is true where a person files a cross-bill or petition. or counterclaim against a corporation."

Further discussion of the doctrine of equitable estoppel is unnecessary. By her counterclaim for $1.000 against plaintiff, defendant estopped herself by the record and also admitted legality of plaintiff as a corporation. We deem it unnecessary to consider the other acts of estoppel urged by the plaintiff against the defendant.

Let the judgment be affirmed.

Proper application being made for judgment in this court against the sureties on the supersedeas bond herein, and it being considered that such motion ought to be sustained, it is hereby ordered and adjudged that defendant in error, Commercial Investment Trust Company. Inc.. do have and recover of and from Donald Prentice and D. B. Johnston, sureties on the supersedeas bond of Eva H. Bell. herein. the sum of $474.27 with interest thereon at the rate of ten per cent. per annum from July 6, 1923, for all of which let execution issue.

By the Court: It is so ordered.

Note.—See 14 C. J. pp. 248, 249, §277; 7 R. C. L. pp. 106. et seq.; 2 R. C. L. Supp. p. 297; 4 R. C. L. Supp. p. 468.