DETROIT TRUST CO. *v.* ALLINGER.

1. STATUTES—REPEAL—DESTRUCTION OF INCHOATE RIGHTS.
   The repeal of a statute divests all inchoate rights which have arisen under the statute which it destroys.

2. SAME—REPEAL—EFFECT.
   When a statute is repealed, it must be considered the same as if it had never existed.

3. SAME—TITLE OF ACT—CONSTITUTIONAL LAW—TRUST COMPANIES.
   Title of act which provided for incorporation, regulation and supervision of trust companies but which was silent as to amendment of other acts *held*, insufficient to cover provision that corporations existing under two former acts should be governed by later act notwithstanding that upon enactment of later act both former acts were repealed (Act No. 58, Laws of 1871; Act No. 108, Pub. Acts 1889; Act No. 67, Pub. Acts 1929).

4. CONSTITUTIONAL LAW—CORPORATIONS—STATUTES.
   The legislature cannot limit, suspend or bargain away its power to alter, amend or repeal laws providing for organization of corporations (Const. 1850, art. 15, § 1; Const. 1908, art. 12, § 1).

5. BANKS AND BANKING—TRUST COMPANIES—CONSTITUTIONAL
LAW—AMENDMENT—REPEAL.

All articles of association of trust companies organized in pur-
suance of Act No. 108, Pub. Acts 1889, were expressly adopted
subject to constitutional reservation of power to alter, amend
or repeal, a reservation constituting a part of the charter of
the corporation (Const. 1850, art. 15, § 1; Const. 1908, art.
12, § 1).

6. SAME—WINDING UP—REORGANIZATION—STATUTES—REPEAL.

Trust company organized under Act No. 108, Pub. Acts 1889,
upon repeal of that act by Act No. 67, Pub. Acts 1929, which
applied only to corporations organized thereunder, had option
to quit doing business and settle up its affairs, or reincor-
porate or amend its articles of association so as to give its
members the benefit of a new law.

7. SAME—STATUTES—TITLE OF ACT—STOCKHOLDERS' LIABILITY.

Limitation of liability of stockholders of trust company or-
ganized under Act No. 108, Pub. Acts 1889, did not enter into
any contract between State and corporation or latter and its
stockholders so that the State might not, in the exercise of
its reserved power, change or increase the liability of stock-
holders therein, notwithstanding title of Act No. 67, Pub.
Acts 1929, which repealed the earlier act and under which
the company continued to do business without reorganizing,
was insufficient to cover provision in body of act as to cor-
porations organized under earlier act (Const. 1850, art. 15, § 1,
Const. 1908, art. 12, § 1).

8. SAME—STOCKHOLDERS' LIABILITY—RESERVED POWER TO ALTER.

Any limitation of liability of stockholders of trust company or-
ganized under Act No. 108, Pub. Acts 1889, was a mere
incident of corporate being, existing only at the pleasure of
the State and was alterable by the legislature under the con-
stitutional provision without the assent of all the stockholders
(Const. 1850, art. 15, § 1; Const. 1908, art. 12, § 1).

9. CORPORATIONS—STOCKHOLDERS' CONSENT—PARTNERSHIP DIS-
TINGUISHED.

A difference between a simple partnership and an incorporated
association is indicated by the fact that in a partnership, the
assent of the individual member is not to be assumed, but is
to be affirmatively established by competent proof; whereas
in a corporation, a stockholder's assent to corporate action is
presumed unless he affirmatively proves his dissent thereto.

10. SAME—STOCKHOLDER DISSENTING FROM CORPORATE ACTION.

When a corporation proceeds to act under a statute, good faith to the company as well as to those dealing with it requires that a stockholder not assenting to such action should make known his dissent unequivocally and publicly.

11. BANKS AND BANKING—TRUST COMPANIES—STATUTES—AC-CEPTANCE.

Trust company, organized under Act No. 108, Pub. Acts 1889, which continued to function as a corporation under Act No. 67, Pub. Acts 1929, after latter's repeal of former act *held*, by its acts of user under later act, to have made acceptance thereof as rule of action by which it was to be governed, binding upon corporation itself and stockholders therein, where latter continued to accept benefits of corporate organization so purporting to function.

12. EVIDENCE — CORPORATIONS — STATUTES—ACCEPTANCE—PRESUMP-TIONS.

Statutory grants beneficial to a corporation may be presumed to have been accepted, and an express acceptance is not necessary.

13. BANKS AND BANKING—TRUSTS—PRESUMPTION—FORFEITURE—DOING BUSINESS—ESTOPPEL.

Since it is not to be presumed that trust company forfeited its charter or continued to do business illegally after act under which it was organized had been repealed, having acted under a later act, both corporation and its stockholders are estopped to deny application of later act as to stockholders' liability (Act No. 108, Pub. Acts 1889; Act No. 67, §§ 28, 32, Pub. Acts 1929).

14. SAME—STOCKHOLDERS' LIABILITY—ENFORCEMENT—STATUTES.

Since the banking commissioner has duty to institute receiver-ship proceedings and to enforce stockholders' liability in case trust company becomes insolvent under either statute under which it was organized or later act which repealed former, it is immaterial under which statute company did business (Act No. 108, Pub. Acts 1889; Act No. 67, Pub. Acts 1929).

15. SAME—CONSTITUTIONAL LAW.

Trust company stockholders are charged with knowledge that in becoming such they are subject to constitutional power in State to alter, amend or repeal act under which company was organized and that State, in the exercise of its reserved power, may not only make a change in remedy available to creditors to enforce stockholders' liability, but to some extent to increase it for benefit of creditors (Const. 1850, art. 15,

§ 1; Const. 1908, art. 12, § 1; Act No. 108, Pub. Acts 1889; Act No. 67, Pub. Acts 1929).

16. SAME—ADVANCEMENT TO AID TRUST COMPANY'S CREDIT—SET-OFF—INSOLVENCY.

Amount advanced by trust company stockholder to keep company's credit good may not be set off against his statutory liability when company becomes insolvent.

17. SAME—DE FACTO CORPORATION—ESTOPPEL.

Trust company *held*, a *de facto* corporation in suit by its receiver to enforce statutory liability of stockholders, where they raised no question as to validity of statute repealing act under which company was organized at time of repeal, when called upon to advance money to save company from being closed, nor as long as it was successful and company itself assumed rights conferred by body of defectively entitled repealing act (Act No. 108, Pub. Acts 1889; Act No. 67, Pub. Acts 1929).

18. SAME—DE FACTO CORPORATION.

As between non-protesting stockholder, trust company itself and its creditors, company is *held*, a *de facto* corporation in suit to enforce stockholders' liability, where there was a valid statute under which company could have reincorporated, but did not, and body of such act purported to enable it to continue to function after repeal of statute under which it had been organized and only reason to question company's acts is defective title of repealing statute (Act No. 108, Pub. Acts 1889; Act No. 67, § 45, Pub. Acts 1929).

19. SAME—STOCKHOLDERS' LIABILITY—ESTOPPEL—EQUITABLE SET-OFF.

Stockholder of trust company who advanced funds to enable it to continue doing business and pleaded an equitable set-off therefor in suit to enforce his statutory liability as stockholder is estopped to deny validity of corporate organization of company.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 7, 1935. (Docket No. 1, Calendar No. 38,160.) Decided May 17, 1935. Rehearing denied June 19, 1935.

Bill by Detroit Trust Company, receiver of Guaranty Trust Company, against Charles E. Allinger

and others to enforce statutory liability of stockholders. Decree for plaintiff. Defendants Charles Gauss, Calvin J. Gauss and Frederick T. Ranney appeal. Affirmed.

*A. W. Sempliner* (*Jason L. Honigman,* of counsel), for plaintiff.

*Mark L. Rowley,* for defendants Gauss.

*Henry B. Graves* and *Charles H. Hatch,* for defendant Calvin J. Gauss, in place of defendant Ranney, deceased.

POTTER, C. J.    Plaintiff, receiver of Guaranty Trust Company of Detroit, filed its bill of complaint against appellants and others to enforce their statutory stockholders' liability. Appellants Gauss answered, and appellant Ranney moved to dismiss the bill of complaint. By stipulation, if appellant Ranney's motion to dismiss was overruled, it was to stand as his answer.

By the answers filed and the motion to dismiss, appellants urge: the Guaranty Trust Company of Detroit was organized under Act No. 108, Pub. Acts 1889, and by Act No. 67, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 11997 *et seq.*), effective April 19, 1929, Act No. 108, Pub. Acts 1889, was repealed; appellants' liability as stockholders in the Guaranty Trust Company of Detroit thereupon became fixed as of April 19, 1929, but the liability sought to be enforced against appellants accrued after April 19, 1929, and is based upon Act No. 67, § 28, Pub. Acts 1929 (3 Comp. Laws 1929, § 12024); Act No. 67, § 28, Pub. Acts 1929, is unconstitutional and void because it denies to appellants the equal protection of the laws, imposes upon them liabilities not imposed upon stockholders similarly situated in other cor-

porations, deprives them of their property without due process of law, imposing upon them and subjecting their individual property to a liability not in existence when they acquired their stock in the Guaranty Trust Company of Detroit; in so far as article 12, § 1, of the Constitution of Michigan of 1908, attempts to reserve to the legislature of the State the power to alter or amend Act No. 108, Pub. Acts 1889, it is unconstitutional, in violation of Constitution of the United States, 14th Am., § 1, and Act No. 67, § 28, Pub. Acts 1929, is unconstitutional because in conflict with Constitution of the United States, art. 1, § 10, prohibiting States from passing laws impairing the obligation of contracts; the provisions of Constitution of Michigan of 1908, art. 12, § 1, contravene Constitution of the United States, 14th Am., § 1; Act No. 67, § 28, Pub. Acts 1929, violates Constitution of Michigan of 1908, art. 2, § 9; and Act No. 67, § 45, Pub. Acts 1929 (3 Comp. Laws 1929, § 12041), violates Constitution of Michigan of 1908, art. 5, § 21.

Appellant Charles Gauss alleges that prior to the closing of the Guaranty Trust Company of Detroit, he indorsed its note for $50,000 to the First National Bank of Detroit, which he paid, receiving on its payment collateral from the First National Bank of Detroit of the value of $21,725, leaving a net advancement made by him of $28,275; and later he advanced $20,000 to the Guaranty Trust Company of Detroit to pay liabilities which accrued prior to April 19, 1929; and he is entitled to set off against his statutory stockholder's liability the sum of $48,275, plus the interest thereon.

Calvin J. Gauss sets up in defense substantially the same claims as does Charles Gauss, except those relating to moneys advanced to relieve the Guaranty

Trust Company of Detroit from pressing financial obligations.

The motion of appellant Ranney to dismiss alleges the Guaranty Trust Company of Detroit never had any existence under, nor was it ever controlled by, the provisions of Act No. 67, Pub. Acts 1929, because Act No. 67, Pub. Acts 1929, does not by its title cover or include trust companies theretofore organized and existing, as required by Constitution of Michigan of 1908, art. 5, § 21; the circuit court for the county of Wayne, in chancery, had no jurisdiction over the subject-matter of the suit brought by plaintiff, as receiver, to enforce any assessment against the stockholders of the Guaranty Trust Company of Detroit, the sole and exclusive remedy being provided in 3 Comp. Laws 1929, §§ 14480-14492.

Upon hearing, testimony was introduced showing the Guaranty Trust Company of Detroit had $304,419.36 in assets available for distribution to creditors; $11,876,483.38 in claims had been presented against the trust company; $10,424,626.50 in amount of claims had been disallowed, and claims had been allowed against the trust company in an amount of $1,325,000; there was a deficiency in the assets of the Guaranty Trust Company of Detroit in the sum of $767,000; the capital stock of the trust company was $750,000; and if the total statutory liability claimed by plaintiff was enforced against all its stockholders, and discharged, there would still be a deficit of $17,000 in the amount necessary to pay the creditors of the Guaranty Trust Company of Detroit in full. From a decree for plaintiff, defendants appeal.

Defendants Gauss summarize their contentions as follows:

(1) The trial court had no jurisdiction over the subject matter;

(2) If it be held Act No. 67, Pub. Acts 1929, did repeal Act No. 108, Pub. Acts 1889, nevertheless where the amount unpaid on contracts, debts and engagements incurred prior to the new act is insufficient to authorize the assessment, stockholders who acquired their stock in the trust company prior to the passage of the new act may not be legally assessed; and as to stock acquired prior to the enactment of Act No. 67, Pub. Acts 1929, in the Guaranty Trust Company of Detroit, the holder of such stock is not liable to those thereafter becoming creditors of the trust company;

(3) Act No. 67, Pub. Acts 1929, violates the Constitution of Michigan and the Constitution of the United States, in that it deprives defendants of their property without due process of law, and because it imposes an increased liability on existing stockholders without their consent, and affords such stockholders no way out;

(4) Act No. 67, Pub. Acts 1929, violates the provisions of both the Constitution of Michigan and the Constitution of the United States prohibiting the enactment of laws which impair the obligation of contracts;

(5) The constitutional reservation of power to repeal, alter or amend corporate charters existing in the Constitution of Michigan is limited by the due process provisions, so the legislature is precluded from increasing the individual liability of a stockholder by legislation enacted after he acquired his stock;

(6) The reserved power to repeal, alter or amend corporate charters is limited by the constitutional impairment of contract provisions, so the legislature is precluded from increasing as to stockholders, or decreasing as to creditors, the individual liability of stockholders existing at the time of the acquisition of their stock;

(7) Act No. 67, Pub. Acts 1929, violates both the State and Federal constitutional provisions providing for the equal protection of the law because a statutory liability is imposed upon the stockholders therein not imposed on stockholders similarly situated in other corporations;

(8) A stockholder may not be deprived of the substantial right of set-off expressly afforded him by the method of enforcement provided at the time he acquired his stock by subsequent legislative act creating different procedural methods for enforcing such stockholder's liability which precludes defendants' right of set-off.

Defendant Calvin J. Gauss filed a separate brief in which his contentions are summarized in the statement of questions involved, in which he contends the circuit court for the county of Wayne, in chancery, had no jurisdiction over the subject-matter. He relies, in addition, upon the questions raised in the brief filed jointly for defendants and appellants Charles Gauss and Calvin J. Gauss. No brief was filed on behalf of defendant Frederick T. Ranney.

Plaintiff and appellee summarizes the questions involved, claiming:

(1) The constitutionality of a statute will not be passed upon where the decision of the court may be made upon other grounds;

(2) Decision on the constitutional questions raised by appellants may be avoided by a decision on the part of this court upon any one of the following grounds:

(a) The constitutionality of a statute cannot be questioned by those not harmed thereby;

(b) The act of 1929 does not increase the former statutory liability;

(c) Assuming the 1929 act is invalid, appellants would still remain liable under the provisions of the act of 1889;

(d) The provisions of the act of 1889 that are reenacted in a code in the act of 1929 in substantially the same form are deemed to continue in effect, even after the enactment of the new code;

(e) Appellants are estopped by their conduct to question the constitutionality of Act No. 67, Pub. Acts 1929;

(3) Act No. 67, Pub. Acts 1929, does not violate either the Constitution of Michigan or the Constitution of the United States;

(4) Assuming that Act No. 67, Pub. Acts 1929, is invalid, still plaintiff, receiver of the Guaranty Trust Company of Detroit, is the proper party to bring suit for the enforcement and collection of the stockholders' statutory liability.

Constitution of the United States, art. 1, § 10, provides no State shall pass any law impairing the obligation of contracts.

Article 14, § 1, of amendments to the Constitution of the United States, provides no State shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of its laws.

Constitution of Michigan of 1908, art. 2, § 9, provides no law impairing the obligation of contracts shall be passed.

Constitution of Michigan of 1908, art. 5, § 21, provides no law shall embrace more than one object, which shall be expressed in its title. No law shall be revised, altered or amended by reference to its title only, but the act revised and the section or sections of the act altered or amended shall be reenacted and published at length.

Constitution of Michigan of 1908, art. 12, § 1, provides for the organization of corporations under general laws, and that

"All laws heretofore or hereafter passed by the legislature for the formation of, or conferring rights, privileges or franchises upon corporations and all rights, privileges or franchises conferred by such laws may be amended, altered, repealed or abrogated."

Constitution of Michigan of 1850, art. 15, § 1, provided:

"Corporations may be formed under general laws; but shall not be created by special act, except for municipal purposes. All laws passed pursuant to this section may be altered, amended or repealed."

The repeal of a statute divests all inchoate rights which have arisen under the statute which it destroys. 54 C. J. p. 402.

When an act of parliament is repealed, it must be considered the same as if it had never existed. Dwarris on Statutes, 676; *Butler* v. *Palmer,* 1 Hill (N. Y.), 324.

Act No. 67, Pub. Acts 1929, is entitled:

"An act to provide for the incorporation of trust companies and their regulation and supervision by the department of banking, and to repeal certain acts and parts of acts inconsistent with the provisions of this act."

There is nothing in the title to Act No. 67, Pub. Acts 1929, indicating the act purports to amend any other statutes. The Guaranty Trust Company of Detroit was incorporated under the provisions of Act No. 108, Pub. Acts 1889, and Act No. 67, § 45,

Pub. Acts 1929 (3. Comp. Laws 1929, § 12041), provides:

"The provisions of this act shall apply to and govern all corporations now existing and organized under act number fifty-eight of the session laws of eighteen seventy-one and act number one hundred eight of the public acts of eighteen hundred eighty-nine, or any amendments thereto, except that any such corporation may continue to do business with the amount of capital provided in said last named act."

Notwithstanding there was nothing in the title to Act No. 67, Pub. Acts 1929, indicating it was to apply to any other corporations than those to be thereafter organized under it, and by Act No. 67, § 46, Pub. Acts 1929 (3 Comp. Laws 1929, § 12042), Act No. 108, Pub. Acts 1889, and all acts amendatory thereto, were repealed.

Act No. 108, Pub. Acts 1889, was passed while the provisions of Constitution of Michigan of 1850, art. 15, § 1, were in force, by which the right to amend, alter or repeal any corporate law enacted in- pursuance of art. 15, § 1, of the Constitution of 1850, was reserved.

The power of the legislature to alter, amend or repeal corporate laws passed in pursuance of Constitution of Michigan of 1850, art. 15, § 1, is one that could not be limited, suspended or bargained away by any act of the legislature, because the power itself was by the Constitution expressly placed beyond legislative control.

All articles of association of trust companies organized in pursuance of Act No. 108, Pub. Acts 1889, were expressly adopted subject to the constitutional reservation of power to alter, amend or repeal,

which constitutional provision constitutes a part of the charter of the corporation. *Western N. C. R. Co.* v. *Rollins,* 82 N. C. 523.

If Act No. 67, Pub. Acts 1929, expressly repealed Act No. 108, Pub. Acts 1889, under which the Guaranty Trust Company of Detroit was incorporated, upon the effective date of Act No. 67, Pub. Acts 1929, the Guaranty Trust Company of Detroit had two courses open to it—one, to quit doing business and settle up its affairs; and the other, to reincorporate or amend its articles of association so as to give its members the benefit of the new law. *St. John* v. *Iowa Business Men's Building & Loan Ass'n,* 136 Iowa, 448 (113 N. W. 863, 15 L. R. A. [N. S.] 503).

But the Guaranty Trust Company of Detroit did neither. It kept on doing business in accordance with the provisions of Act No. 67, Pub. Acts 1929. Had the title to Act No. 67, Pub. Acts 1929, been sufficient to cover the amendment of Act No. 108, Pub. Acts 1889, the State would not have been without authority to change the liability of the stockholders in the Guaranty Trust Company of Detroit as organized under Act No. 108, Pub. Acts 1889. Whatever limitation of liability the Guaranty Trust Company of Detroit stockholders enjoyed under Act No. 108, Pub. Acts 1889, did not enter into any contract between the State and the corporation, or between the corporation and its stockholders, so the State might not, in the exercise of its reserved power to alter, amend or repeal the law under which the Guaranty Trust Company of Detroit was incorporated, change or increase the liability of stockholders therein.

Any existing limitation of stockholders' liability under Act No. 108, Pub. Acts 1889, was a mere incident of the corporate being, existing only at the

pleasure of the State, and did not partake of a distinctive feature which might not be altered by the legislature in pursuance of the constitutional provision without the assent of all the stockholders. *Perkins* v. *Coffin,* 84 Conn. 275 (79 Atl. 1070, Ann. Cas. 1912 C, 1188).

The Guaranty Trust Company of Detroit continued to do business after the repeal of Act No. 108, Pub. Acts 1889, until it was closed in pursuance of the order of the State commissioner of banking, acting under Act No. 67, Pub. Acts 1929. The question is, whether this action or lack of action on the part of the corporation may affect the individual liability of defendants.

There is a difference between a simple partnership and an incorporated association. In a partnership, the assent of the individual member is not to be assumed, but is to be affirmatively established by competent proof. In a corporation, the assent of the stockholder will be presumed unless he affirmatively proves his dissent from the action of the corporation. *Martin* v. *Railroad Co.,* 8 Fla. 370 (73 Am. Dec. 713).

When a corporation proceeds to act under a statute, good faith to the company, as well as to those dealing with it, requires a non-assenting stockholder should make known his non-acceptance of its action in an unequivocal and public manner. *Glover's Ex'r* v. *Myer & Hay,* 3 Ky. Law Rep. 181.

There is no evidence of anything to indicate appellants' dissent from the action of the Guaranty Trust Company of Detroit in continuing to function under Act No. 67, Pub. Acts 1929, after Act No. 108, Pub. Acts 1889, was repealed. Where the Guaranty Trust Company of Detroit, after the repeal of Act No. 108, Pub. Acts 1889, continued to function as a corporation under Act No. 67, Pub. Acts 1929, its

acts of user under Act No. 67, Pub. Acts 1929, are evidence of an acceptance of such statute as the rule of action by which it was to be governed, binding upon the corporation itself, as well as upon the stockholders therein. The defendants and appellants, from the time of the repeal of Act No. 108, Pub. Acts 1889, continued to accept the benefits of the corporate organization purporting to function under Act No. 67, Pub. Acts 1929.

Grants beneficial to a corporation may be presumed to have been accepted, and an express acceptance is not necessary. *Attorney-General* v. *Bank of Michigan,* Harr. Ch. (Mich.) 315.

It is not to be presumed the Guaranty Trust Company of Detroit intentionally forfeited its charter, or continued to do business after the repeal of Act No. 108, Pub. Acts 1889, illegally (*Attorney-General* v. *Bank of Michigan, supra*). And, having acted since the repeal of Act No. 108, Pub. Acts 1889, under Act No. 67, Pub. Acts 1929, both the corporation and the stockholders therein may well be estopped to deny the binding force and effect of the latter act upon the stockholders so far as their stockholders' liability is concerned.

Act No. 67, § 28, Pub. Acts 1929 (3 Comp. Laws 1929, § 12024), provides:

"The stockholders of every trust company shall be individually liable, equally and ratably, and not one for another, for the benefit of the creditors of said trust company to the amount of their stock at the par value thereof, in addition to the said stock. * * * Such liability may be enforced in a suit at law or in equity by any such trust company in process of liquidation, or by any receiver, or other officer succeeding to the legal rights of said trust company."

Act No. 67, § 32, Pub. Acts 1929 (3 Comp. Laws 1929, § 12028), provides:

"On becoming satisfied that any such corporation has refused to pay its obligations in accordance with the terms on which such obligations were contracted, or that any company has become insolvent or that any such corporation has violated the provisions of this act, or for any cause hereinbefore or hereinafter stated, the commissioner of the banking department shall forthwith, with the approval of the attorney general, apply to a court of record of competent jurisdiction for the appointment of a receiver for such company, who, under the direction of such court, shall take possession of the books, records, and assets of every description, of such company, collect all debts, dues and claims belonging to it, sell or compound all bad or doubtful debts, and sell all the real and personal property of such company on such terms as the court shall direct, and shall, if necessary to pay the debts of such company, enforce all individual liabilities of the stockholders. Such receiver shall pay over all money so collected or received to the State treasurer and also make report to the commissioner of all his acts and proceedings."

Act No. 108, § 14, Pub. Acts 1889 (2 Comp. Laws 1915, § 8056), provides:

"The stockholders of every corporation or association formed under this act shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

Act No. 108, § 15, Pub. Acts 1889, provided trust companies organized thereunder shall be subject to

the inspection and supervision of the commissioner of banking, and when execution issued on any judgment recovered in a court of record in this State against such corporation shall have been returned unsatisfied and the commissioner of banking shall have ascertained the same cannot be collected by reason of the insolvency of such corporation, or in case the corporation shall be engaged in carrying on business in violation of any of the provisions of this act, etc., the commissioner of the banking department may forthwith, with the approval of the attorney general, apply to a court of competent jurisdiction for the appointment of a receiver for such corporation; and such receiver, if appointed, under the direction of the court shall take possession of the books, records and assets of every description, collect all debts, dues and claims belonging to it and sell or compound all bad or doubtful debts and sell all the real and personal property on such terms as the court shall direct, and may, if necessary to pay the creditors, enforce all individual liability of the stockholders. Such receiver shall pay over all moneys so collected or received to the State treasurer and also make report to the commissioner of all his acts and proceedings, etc.*

So that so far as appellants are concerned, it is immaterial whether the Guaranty Trust Company of Detroit was acting under Act No. 108, Pub. Acts 1889, or Act No. 67, Pub. Acts 1929. In either case, if the trust company became insolvent, it was the duty of the commissioner of banking, through the attorney general, to apply to a court of competent

---

* The Guaranty Trust Company of Detroit was organized in 1916 by which time Act No. 126, Pub. Acts 1891, had added Sections 17 and 29 to Act No. 108, Pub. Acts 1889, and superseded section 15 of the act as originally enacted.—REPORTER.

jurisdiction for the appointment of a receiver; and it was the statutory duty of the receiver so appointed, if necessary to pay the debts of such trust company, to enforce all individual liability of the stockholders therein.

*Grand Rapids Savings Bank* v. *Warren,* 52 Mich. 557, holds a stockholder in a bank is one of the owners of and associates therein, and a statute enacted by the legislature which in effect takes away substantial rights from a creditor of the bank which the creditor had a right to enforce at the time his contract was made with the bank, would to the extent it took away the creditor's rights impair the obligation of his contract.

But here, appellants were stockholders of the Guaranty Trust Company of Detroit and must have become stockholders and members thereof with knowledge of the constitutional power reserved by the State, through its legislative department, to alter, amend or repeal the law under which it was organized, and, not only change the remedy available to creditors to enforce stockholders' liability, but to some extent to increase the liability of stockholders for the benefit of creditors.

In *Reichert* v. *Farmers' & Workingmen's Savings Bank,* 257 Mich. 500 (81 A. L. R. 1461), the right to set off deposits in a bank against the stockholder's statutory liability therein was expressly denied, and if the reasoning of that case is sound, appellant Charles Gauss may not set off payments made by him to keep the credit of the Guaranty Trust Company of Detroit good, against his statutory liability as a stockholder therein. *Delano* v. *Butler,* 118 U. S. 634 (7 Sup. Ct. 39); *Page* v. *Jones,* 7 Fed. (2d) 541; note, 45 A. L. R. 1215.

Conceding that Act No. 108, Pub. Acts 1889, was expressly repealed by Act No. 67, Pub. Acts 1929, because the repealing clause in the body of Act No. 67, Pub. Acts 1929, is express and the object of repeal is stated in the title of the act, Act No. 108, Pub. Acts 1889, and all later amendments thereto, ceased to exist upon the effective date of Act No. 67, Pub. Acts 1929, the Guaranty Trust Company of Detroit, organized under Act No. 108, Pub. Acts 1889, as amended, could then wind up its affairs, or it could reorganize under Act No. 67, Pub. Acts 1929. But it did neither. Appellants contend they ceased to be liable for indebtedness accruing after the act under which the Guaranty Trust Company of Detroit was organized was repealed. Had the Guaranty Trust Company of Detroit liquidated its affairs upon the repeal of the act under which it was organized, this would undoubtedly be so. And had it reorganized under the provisions of Act No. 67, Pub. Acts 1929, defendants would have had the option to continue, or not to continue, as stockholders in the Guaranty Trust Company of Detroit as reorganized under Act No. 67, Pub. Acts 1929. But nothing of this kind was done. By Act No. 67, § 45, Pub. Acts 1929, it is provided:

"The provisions of this act shall apply to and govern all corporations now existing and organized under * * * and act number one hundred eight of the public acts of eighteen hundred eighty-nine, or any amendments thereto," etc.

Appellants did not question the validity or the constitutionality of Act No. 67, § 45, Pub. Acts 1929, at the time it purported to become effective. On the contrary, the Guaranty Trust Company of Detroit and the stockholders therein, presumed to have

known the law, instead of winding up the affairs of the Guaranty Trust Company of Detroit, or reorganizing the corporation under Act No. 67, Pub. Acts 1929, apparently relied upon the provisions of Act No. 67, § 45, Pub. Acts 1929, and continued to do business as a trust company under and by virtue of its provisions.

Appellants raised no question as to the validity of the acts of the Guaranty Trust Company of Detroit. They raised no question as to the legality of its corporate existence, either at the time of the repeal of Act No. 108, Pub. Acts 1889, or when called upon to advance money to save it from being closed. They continued to treat it as a legally organized and existing corporation so long as it was successful.

Act No. 67, Pub. Acts 1929, was in existence upon the repeal of Act No. 108, Pub. Acts 1889, and no one claims it was not a valid act under which the Guaranty Trust Company of Detroit could legally act had it reincorporated under it. No question is raised but the Guaranty Trust Company of Detroit treated this act as valid and the provisions thereof providing for the continuance of the business of trust companies organized under Act No. 108, Pub. Acts 1889, as valid and binding. The Guaranty Trust Company of Detroit assumed and proceeded to exercise the rights which, under Act No. 67, Pub. Acts 1929, were apparently conferred upon it by the body of the act. Under such circumstances, it may well be held to be a corporation *de facto*. *Eaton* v. *Walker,* 76 Mich. 579 (6 L. R. A. 102); *Newcomb-Endicott Co.* v. *Fee,* 167 Mich. 574.

Where, as here, there was a valid statute in existence under which the Guaranty Trust Company of Detroit could have reincorporated upon the expira-

tion of its charter by the repeal of Act No. 108, Pub. Acts 1889, where no protest was made by appellants to its continuing in business under Act No. 67, Pub. Acts 1929, which purported in the body of the act to enable trust companies organized under Act No. 108, Pub. Acts 1889, to continue to function under Act No. 67, Pub. Acts 1929, and the only reason to question the validity of the trust company's acts is because of the claimed unconstitutionality of Act No. 67, Pub. Acts 1929, by reason of its defective title, as between a non-protesting holder of the capital stock of the trust company and the trust company itself and its creditors, such trust company will be held to be a *de facto* corporation. *Black River Improvement Co.* v. *Holway,* 85 Wis. 344 (55 N. W. 418).

Appellant Charles Gauss is estopped from questioning in this proceeding the validity of the organization of the Guaranty Trust Company of Detroit. He treated it as a validly acting organization and came to its relief and enabled it to continue to exercise its corporate functions, to hold itself out to the public as a trust company legally doing business as such, and advanced money to enable it to continue to pay its creditors. He pleads an equitable set-off to plaintiff's cause of action and cannot, therefore, deny the legal existence of the corporation against which, through the receiver thereof, he seeks affirmative relief, though there are cases which hold that upon the expiration or repeal of a corporate charter, those dealing with the persons purporting to act under it are not estopped from questioning the validity of the organization, corporate in form (*Grand Rapids Bridge Co.* v. *Prange,* 35 Mich. 400 [24 Am. Rep. 585]), and hence the validity of its acts in purporting to exercise franchises need not

await the outcome of *quo warranto* proceedings instituted by the State: yet those cases have no application where both the corporation and appellants, stockholders who controlled its action, not only did not question the validity of its corporate acts, but permitted and directed it to continue to exercise its functions as a corporation.

As between the receiver of the Guaranty Trust Company of Detroit seeking to enforce a stockholders' statutory liability accruing from the operation of the corporation, appellants are estopped, under the facts, from questioning the validity of the acts of the Guaranty Trust Company of Detroit upon the ground its charter had expired or had been repealed. Having treated the trust company as a validly organized trust company legally functioning under Act No. 67, Pub. Acts 1929, after the effective date of that act, so long as it was successful, they are now estopped from questioning the legality of its existence when it has become unsuccessful.

Decree affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.