DETROIT TRUST CO. v. DRUMMOND.

1. APPEAL AND ERROR—TRIAL DE NOVO—BANK STOCKHOLDERS' STATUTORY LIABILITY—BONA FIDE SALE.

On appeal from a decree in bank receiver's suit against transferor and transferee of bank stock to enforce stockholders' statutory liability, Supreme Court tries case *de novo* and must determine from all the circumstances and facts whether the sale was *bona fide.*

2. BANKS AND BANKING—TRANSFER OF STOCK—PROOF OF INTENT.

Intent involved in transfer of bank or trust company stock subject to statutory liability need not be separately proved by direct evidence but may be found as an inference from all the facts in proof.

3. SAME—TRUST COMPANIES—SALE OF STOCK—STATUTORY LIABILITY—
FRAUD.

> Sale, late in December of 1930, of 40 shares of trust company
> stock at $10 per share which director active in management of
> company had purchased in 1929 at approximately $290 per
> share *held*, in good faith and without fraudulent intent to evade
> statutory assessment under evidence presented (3 Comp. Laws
> 1929, § 12024).

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 7, 1938. (Docket No. 45, Calendar No. 39,922.) Decided June 6, 1938.

Bill by Detroit Trust Company, a Michigan corporation, receiver of Guaranty Trust Company of Detroit, against Robert S. Drummond and Kate S. Weber to enforce stockholders' statutory liability. From decree against defendant Weber only, plaintiff appeals. Affirmed.

*A. W. Sempliner* (*Wm. Sempliner*, of counsel), for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Toohy* (*George D. Haller*, of counsel), for defendant.

BUSHNELL, J. The sole question involved in this appeal is whether defendant Drummond transferred 40 shares of Guaranty Trust Company stock with the fraudulent intent of avoiding his statutory liability as a stockholder.[*] Defendant Kate S. Weber, transferee of these and other shares, did not appeal from the decree in which she was ordered to pay the assessment.

The general factual background of this case is the same as that stated in *Detroit Trust Co.* v. *Allinger,* 271 Mich. 600 (appeal dismissed, *Gause* v.

---

[*] See 3 Comp. Laws 1929, § 12024 (Stat. Ann. § 23.255).—REPORTER.

*Detroit Trust Co.,* 297 U. S. 695 [56 Sup. Ct. 572]), and in the more recent cases of *Detroit Trust Co.* v. *Hockett, Detroit Trust Co.* v. *Hartwick,* and *Detroit Trust Co.* v. *Granger,* reported in 278 Mich. at pages 124, 139 and 152, respectively.

Defendant Drummond purchased his Guaranty Trust Company stock in 1928 and 1929, paying therefor approximately $290 per share. He became a director of the company in 1928. His resignation as director was accepted on January 6, 1931. He sold his stock in the open market through a brokerage house on December 23, 1930, and received therefor the net market price of $10 per share. The stock had a book value at the time of approximately $180 per share. On the date when Drummond sold his 40 shares of Guaranty stock he also sold 132 shares of Guardian Detroit, 25 of American State Bank, 39 of Detroit Bankers, and 200 of Republic Steel.

Drummond testified that at the time he believed he was selling all these stocks at a loss and that he did so for the purpose of taking a loss to reduce his income tax for 1930 and because he needed funds to meet income tax requirements and repay a bank loan. Plaintiff receiver urges, as it did in the three cases in 278 Michigan, *supra,* that Drummond's sale was made for the purpose of avoiding a probable stock assessment because of the claimed insolvent condition of the Guaranty Trust Company at that time. It also urges that, because Drummond had served as a director of the company for approximately two years before its closing, had attended directors' meetings, and had taken an active part in the management of the business, he must be charged with the knowledge he obtained as a director, particularly with respect to the contents of a letter written by Mr. Quisenberry, who later became president of

the company.. On September 11, 1930, Mr. Quisenberry wrote the committee of the board of directors in part as follows:

"I believe it is appropriate at this time to call attention to the frozen condition of both companies, which condition I am in no sense responsible for. I sincerely believe that by all of us pulling together both companies can eventually be put in good shape. The fact that I am willing to head each of them I believe is evidence enough of my belief in the future."

Mr. Drummond was present at a special meeting of the board of directors on September 15th, at which this letter was read.

Plaintiff claims Drummond is also charged with knowledge of the action of the board in October of 1930, when the Guaranty Trust Company entered into a so-called repurchase agreement on the purported sale of $200,000 of its bonds to the American State Bank. Defendant Drummond was one of the signers of this agreement obligating himself personally to repurchase $5,000 of these bonds on certain conditions.

The trust company closed its doors July 1, 1931, and the statutory stockholders' liability was fixed by an order of the circuit court on April 11, 1932.

The trial judge was urged to draw the inference from the facts established in the testimony that Drummond, at the time of the sale, had the fraudulent and wrongful intent of avoiding his statutory liability as a stockholder. The circuit judge was of the opinion that the sale and transfer of the stock by Drummond was in good faith and without fraudulent intent.

On trial *de novo* we are charged with the responsibility, as was the circuit judge, of determining

from all the circumstances and facts whether the sale was *bona fide.*

As was said in *Foster* v. *Lincoln,* 24 C. C. A. 470 (79 Fed. 170):

"Intent in such cases need not be separately proved by direct evidence; it may be found as an inference from all the facts in proof."

The circumstances surrounding the sale of Drummond's stock are somewhat different from those in some of the cited cases, *supra,* and we concur in the finding of the circuit judge that:

"The transaction was accomplished, so far as Drummond was concerned, in the usual way, the same as the transaction of the sale by him of other stocks at the same time. It was sold at the then market value, and a fair consideration for the stock at that time."

It is of little value to comment further upon the testimony, except to say that it has been closely scrutinized and analyzed, with the conclusion that the findings of the circuit judge are correct.

The decree of the circuit court is, therefore, affirmed, with costs to appellee Drummond.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.