BAUMGARTNER v. MICHIGAN PUBLIC SCHOOL EMPLOYEES' RETIREMENT FUND BOARD.

1. STATUTES—REPEAL OF REPEALING ACT.

The repeal of a repealing act does not revive the act repealed by the repealing act (CL 1948, § 8.4).

2. SCHOOLS AND SCHOOL DISTRICTS—EMPLOYEES' RETIREMENT—STATUTES.

The right of a public school employee to an allowance from the public school employees' fund must be determined by the statute in effect when retirement takes place.

3. SAME—EMPLOYEES' RETIREMENT—RESUMPTION OF SERVICE—STATUTES.

A public school employee who had retired and subsequently resumes service as a public school employee and contributes statutory percentage of earnings became a beneficiary under the retirement system under the law as it stood by virtue of such re-employment (PA 1945, No 136, §§ 19, 21).

4. SAME—EMPLOYEES' RETIREMENT—RESUMPTION OF SERVICE—SUBSEQUENT RETIREMENT.

A retired public school employee who resumes service, contributes statutory percentage of earnings and retires for a second time became entitled to benefits under the retirement act as it stood at time of second retirement (PA 1945, No 136, § 19, as amended by PA 1947, No 240).

5. SAME—ALLOWANCE ON SECOND RETIREMENT—STATUTES.

Provision of public school employees' retirement fund statute entitling member who had previously retired, resumed service, and retired a second time, that he should be paid after the subsequent retirement at the same retirement allowance in effect when he resumed service controlled the

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes, §§ 579, 580.
[3] 40 Am Jur, Pensions, § 28.
[6] 14 Am Jur, Costs, § 91.

allowance to be paid rather than the act, mistaken or otherwise, of the retirement fund board which had paid amount required under statute repealed by statute in effect at time of resumption of service (PA 1937, No 184, repealed by PA 1945, No 136, as amended by PA 1947, No 240).

6. COSTS—PUBLIC QUESTION—DECLARATION OF RIGHTS—RETIREMENT FUND ACT.

No costs are allowed in suit for declaration of rights under public school employees' retirement fund act, a public question being involved (PA 1945, No 136, § 19, as amended by PA 1947, No 240).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 11, 1950. (Docket No. 46, Calendar No. 44,665.) Decided February 28, 1950.

Bill by William J. Baumgartner against Michigan Public School Employees' Retirement Fund Board and its members for decree declaring that plaintiff is entitled to pension set by PA 1945, No 136. Decree for plaintiff. Defendants appeal. Affirmed.

*John J. Fish,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Ben H. Cole* and *Leonard Meldman,* Assistants Attorney General, for defendants.

BOYLES, C. J.   Plaintiff filed this bill of complaint for a declaratory decree to determine the question whether he is entitled to an allowance of $1,200 or one for $1,800 per year under the public school employees' retirement system.* The decree entered in the circuit court directs the defendant retirement fund board to pay him at the rate of $1,800 per year and the defendants appeal.

---

* PA 1945, No 136, as amended by PA 1947, No 240 (CL 1948, § 38.201 *et seq.* [Stat Ann 1949 Cum Supp § 15.893(1) *et seq.*]).

°The facts have been stipulated. Prior to September 1, 1944, plaintiff was a legally-qualified teacher in this State, had been employed in the public schools for more than 30 years, and prior to the adoption of PA 1945, No 136, was a member of the retirement system for public school teachers as provided by PA 1937, No 184. On September 1, 1944, under the provisions of that act he was granted a retirement allowance of $1,200 per annum, being the maximum allowance under that act on retirement after 30 years' service or more.

He re-entered the teaching profession in September, 1945, after having received this allowance from September 1, 1944, to September, 1945, during which period he received an allowance of $805.50 from the fund. Upon his re-employment in September, 1945, after PA 1945, No 136, became effective, he offered to reimburse the fund in said amount which he had received, and to contribute 5 per cent. of his future earnings in accordance with said PA 1945, No 136. The defendant board refused to accept said reimbursement but required plaintiff to contribute 5 per cent. of his compensation as provided by PA 1945, No 136, § 21, then in effect, and plaintiff did so contribute 5 per cent. of his earnings during the period of his re-employment, amounting to $474.15, which amount defendants have retained and still have. He again retired from the active service in June, 1948.

Plaintiff claims that he became a member of the retirement system under said PA 1945, No 136, by virtue of his re-employment in September, 1945, after said act went into effect, and by his contributions of 5 per cent. as required by section 21 of said act; and that upon his subsequent retirement in 1948 he was entitled to the benefits of said act, which provides for an allowance of $1,800 per year. Defendants deny plaintiff became a member of the retire-

ment system created by PA 1945, No 136, and claim that upon his subsequent retirement in 1948 he was entitled only to the benefits set up under PA 1937, No 184, which would limit his annual allowance to $1,200.

The sole question at issue involves the construction of PA 1945, No 136, § 19, as amended by PA 1947, No 240 (CL 1948, § 38.219 [Stat Ann 1949 Cum Supp § 15.893(19)]). While PA 1945, No 136, was signed by the governor May 4, 1945, and given immediate effect, a part of said act (ch 1, § 30) provides that the act shall take effect July 1, 1945. When plaintiff retired from active service the first time, in 1944, he was granted an allowance of $1,200 per year under PA 1937, No 184, then in effect. However, in the period between that date and September, 1945, at which time he re-entered active service as a teacher, PA 1937, No 184, had been repealed and PA 1945, No 136, had gone into effect containing the repealing clause. Section 29 of chapter 1 of the 1945 act expressly repealed PA 1937, No 184. It is necessary to note here, however, that said repealer, section 29 of chapter 1 of the 1945 act, was itself expressly repealed by PA 1947, No 129.* However, said repeal of the repealer section 29 in the 1945 act does not revive PA 1937, No 184. CL 1948, § 8.4 (Stat Ann § 2.213); *Scott* v. *Secretary of State,* 202 Mich 629; *Detroit Trust Co.* v. *Allinger,* 271 Mich 600. It is also necessary to note that while PA 1945, No 136, contained a *severability* clause (section 28, miscalled a saving clause), it did not purport to *save* any *rights* provided for in the 1937 act, and in that connection we note that said section 28 of the 1945 act was also expressly repealed by said PA 1947, No 129.*

---

* See Stat Ann 1949 Cum Supp §§ 15.893(29), 15.893(28), and note to CL 1948, § 38.227.

Consequently it is plain that the right, if any, that plaintiff now has to an allowance from the so-called teachers' retirement fund must be by virtue of the provisions of PA 1945, No 136, which was in effect at the time he returned to the teaching profession (September, 1945), as amended by PA 1947, No 240, which was in effect at the time he retired from active service the second time, in 1948.

PA 1945, No 136, § 19, before the 1947 amendment, provided as follows:

"If any person retiring under this chapter shall resume service as a public school employee, the retirement allowance paid to such person shall cease during the time of such employment, but shall again be paid after subsequent retirement."

In 1945, when the plaintiff resumed service as a public school employee, the retirement allowance which he had been receiving ceased, under the provisions of the above section 19 of the teachers' retirement law then in effect. Under section 21 of said statute, the retirement fund board required him to pay, and he did contribute, 5 per cent. of his earnings during the period of his re-employment, until he retired a second time, in 1948. We are in accord with plaintiff's claim that he became a beneficiary under the retirement system in 1945, under PA 1945, No 136, by virtue of his re-employment in September, 1945, and by his contributions as required by section 21 of said act.

Upon his subsequent retirement in 1948, he became entitled to the benefits of said act, as it had been amended by PA 1947, No 240. Section 19, as amended by that act, provides:

"If any person receiving allowance or benefits under section 15 or 26 of this chapter shall resume service in any tax supported school in this State or elsewhere in the United States, the retirement allow-

ance paid to such person shall cease during the time of such employment, but shall again be paid after subsequent retirement at the same retirement allowance in effect when he resumed service.    Persons who resume service after a period of retirement shall be exempt from making contributions to the annuity accumulation fund.   Any option election shall be inoperative during the time of re-employment." CL 1948, § 38.219 (Stat Ann 1949 Cum Supp § 15.893 [19]).

It is conceded that if this amendment applies to plaintiff and is not given retroactive effect, he is entitled to an allowance of $1,800 per year.   The defendants claim that it does not apply, and that the plaintiff is entitled only to an allowance of $1,200 per year, at the rate he was receiving at the time he returned to active service in 1945; that by virtue of the amendment to section 19 by PA 1947, No 240, his benefits are limited to those accruing under PA 1937, No 184, in effect when plaintiff retired the first time, in 1944.

The difficulty in adopting that view lies in the fact that although the plaintiff resumed the active service of teaching in 1945, and became a member of the retirement system at that time, under the provisions of PA 1945, No 136, before the 1947 amendment, his subsequent retirement again, in 1948, was after the 1947 amendment.    While his maximum retirement benefit under the 1937 act was $1,200 per year, this was raised to $1,800 under the 1945 act, and this rate applies to plaintiff who had returned to service while the 1945 act was in effect.   When plaintiff again retired from service in 1948, section 19 of said act, as amended in 1947, governed his right to an allowance.

From July 1, 1945, the effective date of PA 1945, No 136, until he returned to teaching in September of that year, he was entitled to receive benefits under

chapter 1 of that act. When he resumed service in September, 1945, his allowance ceased, under that act, during the time of his employment until his second retirement, in 1948. Thereupon he became entitled to the allowance provided for by the 1947 act then in effect, which required that he "shall again be paid after subsequent retirement *at the same retirement allowance in effect when he resumed service.*" The retirement allowance *in effect* at the time plaintiff resumed service in September, 1945, under the act in effect at that time, as applied to his years of service, was $1,800 per year.

Appellants argue that because plaintiff was actually being paid only at the rate of $1,200 per year, after July 1, 1945, until he resumed teaching about 2 months later, that rate should be considered as "the retirement allowance" which should "again" be paid after the second retirement. By the same argument, if the plaintiff had been mistakenly paid at the rate of $600 per year, or $2,400 per year, that rate would govern his right to an allowance now. The allowance is controlled by the statute law, not by any act, mistaken or otherwise, of the retirement fund board. Appellants also claim that the 1947 act should be given retroactive effect, "if this section (19) need be given retroactive effect to eliminate increased benefits." There is no merit in the claim.

At the hearing in the circuit court the judge held that the plaintiff is entitled to an allowance of $1,800 per year. The court arrived at the correct conclusion. The decree to that effect is affirmed, but without costs, a public question being involved.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.